UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
DIVISION

| | |
|---|---|
| **CHRISTOPHER MIRANOWSKI, ADAM NELSON, AND DEREK GRUND,**<br><br>Plaintiffs,<br><br>vs.<br><br>**RICHLAND COUNTY, RICHLAND COUNTY SHERIFF DEPARTMENT, AND RICHLAND COUNTY SHEFIFF DEPARTMENT DEPUTYS DAN WISE AND STEVE GJERDEVIG** (in his individual and official capacity).<br><br>Defendants. | Court File No. 3 12-CV-71<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs, by their attorney, Craig M. Richie, 203 South Eighth Street, Box 2172, Fargo, ND 58107, brings this action seeking relief from Defendants' unlawful practices, stating the following as their claims against defendants.

### JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under the Civil Rights Act of 1871, Title 42, Section 1983 to redress and enjoin the illegal practices alleged in this Complaint. This Court also has supplemental jurisdiction over Plaintiffs' state law claim pursuant to Title 28, United States Code, Section 1367.

2. Venue is proper in the District of North Dakota because the Defendants, Richland County Richland County Sheriff Department, is located in this district; the Richland County Sheriff Department Defendants are employed in this district; and the incidents in question occurred in this district.

## PARTIES

3. Plaintiffs Christopher Miranowski ("Miranowski"), Adam Nelson ("Nelson"), and Derek Grund ("Grund"), were in a moving vehicle, when they were signaled to pull over around 1:38A.M., on August 28, 2011, by deputy Dan Wise ("Wise") and deputy Steve Gjerdevig, two of the aforementioned Defendants, in the city of Abercrombie, located in Richland County, in the state of North Dakota.

4. Defendant Dan Wise is a sheriff's deputy with the Richland County Sheriff Department at all times relevant to this matter.

5. Defendant Steve Gjerdevig is a sheriff's deputy and or is a reserve deputy with the Richland County Sheriff Department at all times relevant to this matter.

## FACTUAL ALLEGATIONS

1. The Plaintiffs were in a moving vehicle, when they were signaled to pull over around 1:38A.M., on August 28, 2011, by deputy Wise in the city of Abercrombie, located in Richland County, in the state of North Dakota.

2. The Plaintiffs were pulled over for charges that subsequently were dismissed.

3. The Plaintiffs' claim personal injuries as well as violations of their civil rights, more specifically the excessive force that caused injuries both physically and mentally to the three Plaintiffs.

2

4. When the Plaintiffs were pulled over, Defendant Wise and jointly and severally with Defendant Gjerdevig proceeded to yell at the gentlemen with perverse language and did assault and batter the Plaintiffs.

5. The Plaintiffs were complying, and were not fleeing.

6. Defendant Wise and Defendant Gjerdevig jointly and severally assaulted and battered the Plaintiffs.

7. Plaintiffs Miranowski, Nelson, and Grund endured and continue to have a gross amount of pain and suffering, medical expenses, and loss of earnings and earning capacity to name just some of the damages caused by Defendants Wise and Gjerdevig jointly and severally.

8. Defendant Gjerdevig was with Defendant Wise at all times relevant to this matter.

9. The details of the above-stated claims can be seen on the dashboard video from Defendant Wise's vehicle, as well as reports of the witnesses.

## COUNT 1

### UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT AND THE CIVIL RIGHTS ACT OF 1871, TITLE 42 UNITED STATES CODE, SECTION 1983.

10. The Plaintiffs, realleges the foregoing paragraphs as though set forth here in full.

11. The conduct described above will establish that Defendants Wise and Gjerdevig, in their individual capacity, jointly and severally violated the Plaintiffs' Fourth Amendment rights by using excessive force to seize them.

12. Wise and Gjerdevig, acting under color of state law, deprived the Plaintiffs of their constitutional rights guaranteed by the Fourth Amendment. By this conduct, they violated the Civil Rights Act of 1871, 42 United States Code, Section 1983.

13. The Plaintiffs are entitled to recover all amounts owing under the Civil Rights Act of 1871, 42 United States Code, Section 1983.

14. Wise and Gjerdevig's conduct was intentional, deliberate, willful, and conducted in callous disregard of, and gross indifference to the Plaintiffs' constitutional rights.

15. By reason of their unlawful conduct described above, the Plaintiffs have suffered embarrassment, emotional distress, humiliation, loss, and indignity.

16. Plaintiffs are entitled to recover all amounts owing under the Civil Rights Act of 1871, 42 United States Code, Section 1983, including liquidated damages against Wise and Gjerdevig in their individual capacity, both jointly and severally for willful violation of this law.

## COUNT 2

### BATTERY

17. The Plaintiffs, restates and realleges the foregoing paragraphs as though set forth here in full.

18. Defendant Wise and Gjerdevig engaged in intentional physical contact with the Plaintiffs that was offensive and unwelcome. This intentional, offensive touching constitutes a battery.

19. Miranowski, Nelson, and Grund have sustained injuries as a direct and proximate result of Wise and Gjerdevig's conduct. Plaintiffs are entitled to relief.

## COUNT 3

4

## NEGLIGENCE

20. The Plaintiffs, restates and realleges the foregoing paragraphs as though set forth here in full.

21. Wise and Gjerdevig seized the Plaintiffs, in a manner that was negligent, careless, reckless and illegal.

22. The deputies' negligent conduct directly and proximately resulted in the Plaintiffs' physical injuries and attendant medical expenses.

23. The deputies' negligent conduct directly and proximately resulted in the Plaintiffs' physical and emotional injuries.

24. Plaintiffs are entitled to relief.

## COUNT 4

## MEDICAL EXPENSES AND LOSS OF SERVICES

25. The Plaintiffs, on their own behalf, restates and realleges the foregoing paragraphs as though set forth here in full.

26. The Plaintiffs have incurred reasonable medical expenses in connection with the treatment and care of their injuries.

27. As a result of Defendants' conduct, Plaintiffs sustained injuries that have deprived them of their earnings, contributions, and services.

28. Plaintiffs are entitled to relief.

## COUNT 5

## VICARIOUS LIABILITY

29. Plaintiffs, restates and realleges the foregoing paragraphs as though set forth here in full.

30. Richland County and the Richland County Sheriff Department is liable for its police deputies' discriminatory conduct, as well as for the deputies' tortious conduct, because they were acting within the scope of their employment when they caused the Plaintiffs' injuries.

31. The deputies' conduct occurred during working hours while conducting official business.

32. The deputies' illegal conduct during the course and scope of their employment is imputable to Richland County and the Richland County Sheriff Department as its agents under the vicarious liability doctrine.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs prays for the following:

33. That the practices of the deputies in their individual capacity complained of herein be adjudged in violation of the rights secured by the Plaintiffs under the Fourth Amendment.

34. That the practices of the deputies in their official and individual capacity complained of herein be adjudged in violation of the rights secured by the Plaintiffs under the United States Constitution, all statutes, acts and common law.

35. That Richland County and the Richland County Sheriff Department be vicariously liable for its deputies' conduct adjudged in violation of the acts and statutes, and the U.S. Constitution, and under common law.

36. That Richland County and the Richland County Sheriff Department be vicariously liable for its deputies' tortious conduct.

37. That a permanent injunction be issued prohibiting the deputies from engaging in unreasonable seizures in violation of the Fourth Amendment.

38. That the Plaintiffs be awarded compensatory damages in an amount to be established at trial.

39. That the Plaintiffs be awarded damages for mental anguish, pain and suffering in an amount to be established at trial.

40. That the Plaintiffs be awarded punitive damages against the deputies in their individual and official capacity under the U.S. Constitution, common law, and any other applicable statutes and laws.

41. That the Plaintiffs be awarded punitive damages against the deputies in their individual capacity under the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

42. That the Court award Plaintiffs their attorney's fees and the costs and expenses of this action.

43. That the Court award such other and further relief as it may deem just and equitable in the premises.

Dated this 28th day of August, 2012.

Craig M. Richie
Attorney at Law
203 South Eighth Street
Fargo, ND 58107
Telephone: 701.235.5513
N.D. I.D. # 03112
ATTORNEY FOR PLAINTIFFS